12 Ariz. App. 495 (1970)
472 P.2d 106
Gordon P. CROWLEY, Jarrell B. Williams, Richard A. Levan, Joe M. Demic, and Thurman O. Baker, Appellants,
v.
GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Division 28, Brotherhood of Locomotive Engineers, Howard Dewitt Smith, in his capacity as Chairman, General Committee of Adjustment, Perry S. Heath, in his capacity as Grand Chief Engineer, John F. Sytsma, in his capacity as General Secretary-Treasurer, and R.O. Miller, in his capacity as Chief Engineer, Appellees.
No. 2 CA-CIV 672.
Court of Appeals of Arizona, Division 2.
July 16, 1970.
Rehearing Denied September 10, 1970.
Review Denied November 4, 1970.
*496 R. Lamar Couser, Tucson, for appellants.
Holesapple, Conner, Jones, McFall & Johnson, by A.O. Johnson and Blair D. Benjamin, Tucson, Ross, Kraushaar & Bennett, by Harold A. Ross, Cleveland, Ohio, for appellees.
HATHAWAY, Judge.
Appellants, locomotive engineers and locomotive firemen employed by the Southern Pacific Company, filed a lawsuit against the Grand International Brotherhood of Locomotive Engineers in which they brought a class action seeking damages, injunctive and declaratory relief for loss of seniority resulting from abandonment of the "South Line" and appellees' alleged failure to represent appellants and protect their seniority rights. The trial court granted appellees' motion for summary judgment and appellants appeal from the judgment entered thereon.
Appellants were employed in the portion of the Southern Pacific line of railroad known as the "South Line" running between Tucson, Arizona, and El Paso, Texas, via Douglas, Arizona. The Southern Pacific Company applied for and received a certificate of convenience and necessity, permitting abandonment of portions of the "South Line" effective December 20, 1961. The remainder of the "South Line" was absorbed into the "North Line". Since each seniority district has a separate seniority roster, appellants do not have seniority on the "North Line".
On this appeal we are called upon to determine whether the trial court properly granted appellees' motion for summary judgment. Appellants' dissatisfaction centers on the procedure followed by the Brotherhood in resolving the seniority question. The Brotherhood followed the procedure set forth in Section 36(a) of the Standing Rules. Appellants contend that *497 the procedure set forth in 36(b) of the Standing Rules should have been followed. These sections provide:
Section 36(a) "When a question of jurisdiction of territory or seniority arises between the members themselves on two or more Divisions that cannot be amicably adjusted by such Divisions, the question shall, with all the facts in the premises, be referred to the General Committee of Adjustment who shall rule on the matter and such ruling shall stand as a law, subject to appeal as per Section 29 of the Standing Rules."
Section 36(b) "But wherever one railroad or any portion is absorbed, traffic diverted, consolidated, merged, leased or co-ordinated by or with another railroad, the engineers on the road or roads or any portion thereof, affected thereby, shall retain their rights and seniority, as heretofore, on the roads absorbed, traffic diverted, consolidated, merged, leased or co-ordinated but when it becomes necessary to readjust the service of the roads affected, the runs shall be manned by engineers of the respective roads in proportion as near as practicable to the mileage run on the territory of each road, it being the policy of the organization that when, through the absorbing, consolidation, merging, leasing, co-ordination or by the diversion of traffic of or by railroads, districts or portions thereof, where the rights to runs of engineers are affected, the General Committee of Adjustment representing the engineers involved shall meet within 30 days unless further time is mutually agreed upon by all committees and agree upon the proper adjustment of the question." (Emphasis added)
The parties contend that the issue involved is relatively simple, and then each accuses the other of confusing the problem by bringing in multiple irrelevant complexities. We are inclined to agree that the problem is simple and may be resolved by applying the clear language of the quoted sections of the Standing Rules to the undisputed facts. Section 36(a) clearly applies when a problem arises between members of "two or more Divisions" of a railroad. The parties agree that the Brotherhood exhausted the procedures set forth in Section 36(a). Section 36(b) contemplates the involvement of two or more railroads and would not seem to apply to an intra-railroad problem. This is the interpretation that was placed on the Standing Rules by the various officials of the Brotherhood.
"The construction of a union's constitution and laws is for the union, through its appropriate board or officers; and the courts will accept such construction in the absence of fraud, illegality or improper exercise of construction." 87 C.J.S. Trade Unions § 13, p. 776.
Appellants have made no showing of such improper conduct on the part of the Brotherhood. Appellees additionally contend that even though Section 36(b) did not apply, appellants were nevertheless allowed to follow all traffic diverted from the "South Line" to the "North Line" at the time of the abandonment, thus fulfilling Section 36(b).
In their claim for relief, appellants relied upon a breach of the statutory duty of fair representation established under federal law in Steele v. Louisville & N.R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). The duty of the Brotherhood is to fairly represent all of the employees in the unit, Steele v. Louisville & N.R. Co., supra, and the duty is created from the Railway Labor Act, 45 U.S.C. § 152. The United States Supreme Court has spoken of the employees organization duty as follows:
"Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171 at 177, 87 S.Ct. 903 at 910, 17 L.Ed.2d 842 (1967).
*498 A companion development with the statutory duty of fair representation has been the creation of the federal common law of labor relations. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); Local 174, Teamsters, etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Appellants' alternate contention that disposition of this case is governed by the common law of contracts of the State of Arizona, is without merit. Although the state courts have concurrent jurisdiction, Charles Bowd Box Company v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), the federal labor law must be applied. As enunciated by the U.S. Supreme Court in Local 174, Teamsters, etc. v. Lucas Flour Co., supra:
"It was apparently the theory of the Washington court, that, although Textile Workers' Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, required the federal courts to fashion, from the policy of our national labor laws, a body of federal law for the enforcement of collective bargaining agreements, nonetheless, the courts of this state remain free to apply individualized local rules when called upon to enforce such agreement. This view cannot be accepted. The dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute. Comprehensiveness is inherent in the process by which the law is to be formulated under the mandate of Lincoln Mills, requiring issues raised in suits of a kind covered by § 301 to be decided according to the precepts of federal labor policy."
See also, Local 100 of United Association of Journeymen and Apprentices v. Borden, 373 U.S. 690, 696, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963). This doctrine is also applicable in Railway Labor Act cases. Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 (1946); Slocum v. Delaware, L. & W.R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950).
There being no showing of a genuine issue of fact, the judgment is affirmed.
KRUCKER and CAMERON, JJ., concur.
NOTE: Chief Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge JAMES DUKE CAMERON was called to sit in his stead and participate in the determination of this decision.